UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DIMITRIC A. KNIGHT, § | |
| (Inmate # 02952158) § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. H-22-2306 |
| § | |
| HONORABLE JUDGE ROBERT JOHNSON, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Dimitric Annette Knight, (Inmate #02952158), is a pretrial detainee in the Harris County Jail. Representing herself, she has filed a civil rights complaint under 42 U.S.C. § 1983 against Judge Robert Johnson, who is presiding over Knight's pending state-court criminal case. (Docket Entry No. 1).

Because Knight is a prisoner seeking relief from the government, the court is required to screen her complaint as soon as feasible after docketing. 28 U.S.C. § 1915A(a). "As part of this review, the district court is authorized to dismiss a complaint if the action 'is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" *Fleming v. United States*, 538 F. App'x 423, 425 (5th Cir. 2013) (per curiam) (quoting 28 U.S.C. § 1915A(b)(1)). A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Samford v. Dretke,* 562 F.3d 674, 678 (5th Cir. 2009) (per curiam); *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). In addition, the court may dismiss the complaint, or any portion of the complaint, if it "seeks monetary relief from a defendant who is

immune from such relief." 28 U.S.C. § 1915A(b)(2). Having conducted this required screening, the court dismisses Knight's action for the reasons explained briefly below.

## I.     Background

Publicly available records show that Knight is currently in jail awaiting trial on a charge of aggravated assault with a deadly weapon. *See* https://harriscountyso.org/JailInfo (last visited July 18, 2022). On July 12, 2022, Knight filed a "Prisoner's Civil Rights Complaint," naming Judge Johnson as the only defendant. (Docket Entry No. 1, p. 3). Knight alleges that Judge Johnson is violating her constitutional rights by "manipulating the system" and "not doing his job." (*Id.*). She also claims, without alleging any supporting facts, that Judge Johnson "put her in jail when he knows I didn't do this" and that he is "getting money from people" to keep her in jail. (*Id.* at 4). As relief, Knight seeks compensation for her mental, emotional, and physical pain. (*Id.*). Knight has also filed a motion to proceed without prepaying the filing fee. (Docket Entry No. 2).

## II.    Analysis

Section 1983 provides a cause of action for plaintiffs seeking a remedy for a violation of federal law by state officials. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004). However, state judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). This immunity protects judges not only from liability, but also from suit. *See Mireles*, 502 U.S. at 11. The only two circumstances under which a plaintiff may overcome absolute judicial immunity are (1) when the claims allege liability for nonjudicial actions, that is, actions not taken in the judge's judicial capacity, and (2) when the claims allege liability for actions that, although judicial in nature, are taken in the

complete absence of all jurisdiction. *Id.* at 11-12. Even allegations of bad faith or malice are not sufficient to overcome judicial immunity. *Id.* at 11.

In determining whether a judge's actions were "judicial in nature," courts consider "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993). These factors are to be broadly construed in favor of immunity, and immunity may be granted even though one or more of these factors is not satisfied. *Id.*

This court's review of Knight's complaint shows that she does not allege any actions taken by Judge Johnson that were nonjudicial in nature. Decisions about whether to remand an arrestee to jail and whether to keep the arrestee confined are normal judicial functions. Orders of this nature are normally entered either in the courtroom or the judge's chambers. The controversy underlying Knight's claims arises directly out of her currently pending criminal case. And Knight does not allege facts showing that Judge Johnson was acting in the complete absence of jurisdiction over her criminal case. And while Knight's conclusory and unsupported allegations imply that Judge Johnson has acted with malice or in bad faith, those allegations are insufficient to overcome judicial immunity.

### III.   Conclusion

Knight's complaint against Judge Johnson is dismissed under 28 U.S.C. § 1915A(b) as frivolous and for failure to state a claim upon which relief can be granted. All pending motions, including the motion to proceed without prepayment of the filing fees, (Docket Entry No. 2), are denied as moot. Final judgment is separately entered. This dismissal will count as a "strike" for

purposes of 28 U.S.C. § 1915(g). The Clerk will send a copy of this Memorandum Opinion and Order to the Three-Strikes List Manager at the following email: Three_Strikes@txs.uscourts.gov.

SIGNED on July 20, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge